Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GLOVER, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| WELLS FARGO, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

DAVID GLOVER ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against WELLS FARGO, N.A. ("Defendant"):

**1**

PLAINITFF'S COMPLAINT

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. ("TCPA).

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant is a registered corporation duly registered as a foreign corporation to do business in the State of California, and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Oakland, California 94606.

6.     Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

7.     Defendant is a lender with the its principal place of business located

at 420 Montgomery Street, San Francisco, CA 94163.

8.     Defendant is a person as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number that he has had for more than one year.

11.    Plaintiff only used this number as a cellular telephone number.

12.    Defendant's call originated from telephone numbers including, but not limited to, (877) 647-8552.  The undersigned has confirmed that these numbers belong to the Defendant.

13.    Beginning in or around December 2015 and continuing through March 2016, Defendant placed repeated telephone calls to plaintiff's cellular telephone number.

14.    When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or automatic or pre-recorded messages.

15.    Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded message because the calls would

begin with a pre-recorded message before the call was transferred to a live caller.

16.    Defendant's telephone calls were not made for "emergency purposes."

17.    It was aggravating, annoying and harassing for Plaintiff to receive continuous collection calls on his cellular telephone.

18.    In December 2015, Plaintiff instructed Defendant to stop calling him.

19.    However, Defendant continued to call him.

20.    Plaintiff reiterated this request for calls to cease in January 2016.

21.    Despite Plaintiff's clear requests, Defendant continued to call Plaintiff on a continuous and repetitive basis.

22.    Upon information and belief, Defendant operates in a manner which violates the TCPA.

**COUNT I**
**<u>DEFENDANT VIOLATED THE TCPA</u>**

23.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

25.    Defendant's calls to Plaintiff were not made for emergency purposes.

**4**

PLAINITIFF'S COMPLAINT

26.    Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as Plaintiff revoked any previously given consent in December 2015.

27.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.    The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.


WHEREFORE, Plaintiff, DAVID GLOVER, respectfully prays for judgment as follows:

   a)  All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

   b)  Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c) Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d) Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e) Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID GLOVER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 10/26/16

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINITFF'S COMPLAINT